UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD DEISTER,

    Plaintiff,

v.

AAA AUTO CLUB OF MICHIGAN,

    Defendant.

Case No. 13-cv-13993
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [34]

This Court recently issued a 40-page opinion and order granting AAA Auto Club of Michigan's motion for summary judgment and denying Todd Deister's motion for partial summary judgment. (Dkt. 32, Order.) Specifically, the Court found that although Deister established a prima facie case of discrimination under the Americans with Disabilities Act, the Auto Club stated a legitimate, non-discriminatory explanation for terminating Deister and Deister had not produced evidence from which a finder of fact could reasonably doubt the explanation. The Court also found that Deister could not meet his burden to show that he requested an accommodation, that the Auto Club knew he needed an accommodation, or that a reasonable accommodation was possible, and that Deister's ADA retaliation claim was barred for failure to exhaust his administrative remedies. Deister now seeks reconsideration or relief from judgment, arguing that the Court improperly made credibility judgments, weighed evidence, and failed to accept evidence offered by Deister as true; found that certain evidence offered by the Auto Club was undisputed although Deister disputed it; and failed to address certain of Deister's arguments. (Dkt. 34, Mot.) Deister's motion is DENIED.

The Local Rules of this district provide that a motion for reconsideration may be granted when the moving party can "demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled," and "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Local Rules further provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(h)(3).

Plaintiff also cites Federal Rule of Civil Procedure 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances that are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). The Sixth Circuit has said it is limited to "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (internal citations and quotation marks omitted, emphasis in original).

In the sixteen-page "Statement of Facts" for his motion, Deister takes issue with many of the Court's findings. The Court has already set forth and examined at length the voluminous evidence in this case. Rather than addressing each of Deister's quibbles, his main argument— that the summary judgment standard was not correctly applied—will be laid to rest. First, Deister filed his own motion for summary judgment. When confronted with cross-motions for summary judgment, a court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004) (quoting *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994)). Deister

benefits from the light most favorable only to the extent he is the non-movant. As the Court noted in the summary judgment order, it was unclear to which part of his case Deister's motion for "partial" summary judgment pertained. In fact, the brief in support of his motion for partial summary judgment was virtually identical to his brief in opposition to Defendants' motion for summary judgment on all claims. Thus it is not clear where the light most favorable to Deister as the non-movant should have been applied, if anywhere. Nonetheless, in granting Auto Club's Motion for Summary Judgment, the Court gave Deister every reasonable inference that the evidence warranted.

Second, the requirement to draw all reasonable inferences in favor of the nonmoving party does not require that a court "make assumptions that strain credulity." *Gecewicz v. Henry Ford Macomb Hosp. Corp.*, 683 F.3d 316, 323 (6th Cir. 2012). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) (emphasis in original). The Court determined that no reasonable finder of fact could have found for Deister on the evidence he presented, and thus there was no genuine issue of material fact.

Deister has not pointed to any evidence in support of his claims that this Court has not already thoroughly addressed. The Court will not repeat its entire analysis. But because much of Deister's argument seems to miss it, one fundamental point is worth reiterating: the Court found that "Auto Club's stated reason for terminating [Deister] was that he told Brockington he would

not return to his former position, not that he failed to show up for work on August 1." (Order at 23.) Many of Deister's arguments (e.g., that the Auto Club's procedures for returning to work were in dispute) are not material to the Court's ruling.

Nor is the Court's acceptance of the Auto Club's stated reason an impermissible credibility determination or a "get out of jail card" unsupported by Sixth Circuit law. (*See* Mot. at 4–5, 22.) The Sixth Circuit has repeatedly held that "[w]hen an employer reasonably and honestly relies on particularized facts in making an employment decision, it is entitled to summary judgment on pretext even if its conclusion is later shown to be mistaken, foolish, trivial, or baseless." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 401 (6th Cir. 2009) (internal quotation marks omitted); *see also, e.g.*, *Curry v. Brown*, --- Fed. App'x ---, No. 13-6320, 2015 WL 1783800, at *7 (6th Cir. Apr. 21, 2015) (affirming summary judgment for employer on FMLA claim where plaintiff could not establish pretext to rebut the proffered reason for her termination); *Hale v. Mercy Health Partners*, --- Fed. App'x ---, No. 14-3522, 2015 WL 1637896, at *6 (6th Cir. Apr. 14, 2015) (affirming summary judgment for employer on ADEA claim where plaintiff failed to establish that the employer's belief that she altered or falsified her timecards was not honestly held).

When the employer meets this burden, "[a] plaintiff is required to show 'more than a dispute over the facts upon which the discharge was based.'" *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). "An employee's bare assertion that the employer's proffered reason has no basis in fact is insufficient to call an employer's honest belief into question, and fails to create a genuine issue of material fact." *Id.* (quoting *Joostberns v. United Parcel Servs., Inc.*, 166 Fed. Appx. 783, 791 (6th Cir. 2006)). The Court found that the Auto Club pointed to particularized facts upon which it reasonably relied and that Deister had not

4

produced evidence from which a jury could reasonably doubt the Auto Club's explanation. Deister has not shown there is any reason to reconsider that finding.

Deister also contends, at the end of his "Statement of Facts," that the Court failed to address his list of accommodations that the Auto Club could have provided. (Mot. at 16.) Because the Court found that Deister could not meet his burdens to show that he requested an accommodation or that the Auto Club knew he needed an accommodation, this argument could not alter the disposition of the case. Regardless, the Court did address whether giving Deister a different job, a different supervisor, time to talk to his doctor about accommodations, or reviewing his medical records could constitute a reasonable accommodation. (Order at 36–37.) That analysis addressed the following in Deister's list: "(a) Auto Club giving the Plaintiff time to get a note from my doctor to clarify what, if any, accommodation is appropriate, . . . (c) Auto Club reassigning him back to his same job, because he would still have to get his tools and equipment back and they could talk about an accommodation while that was being done, (d) the Auto Club could place him in another vacant CAT position even back in his own position that was still available, (e) ACIE could have reviewed his medical records like he asked them so they would have accurate information to determine what if any accommodation might be reasonable, (f) Auto Club could have given Plaintiff a fitness for duty examination, [and] (g) Auto Club could have given him 24 hours to return to work . . . ." (Mot. at 16.)

One proposed accommodation remains: "(b) engage in interactive discussions about getting better training for the computer systems he had to use." (*Id.*) Deister has not provided any more information about what sort of training he feels he needs and how it relates to his disability. A Seventh Circuit case provides a persuasive explanation why "better training" is not a reasonable accommodation. There, the plaintiff wanted "training that will equip her with the

qualifications for the job of sales manager that at present she lacks." *Williams v. United Ins. Co. of Am.*, 253 F.3d 280, 282 (7th Cir. 2001). The court explained: "The duty of reasonable accommodation may require the employer to reconfigure the workplace to enable a disabled worker to cope with her disability, but it does not require the employer to reconfigure the disabled worker." *Id.* at 283. For example, the court continued, "A blind person cannot insist that her employer teach her Braille, though she may be able to insist that her employer provide certain signage in Braille to enable her to navigate the workplace." *Id.*; *see also Cunningham v. Humana Ins. Co.*, No. 10-cv-56, 2011 WL 4054689, at *4 (W.D. Ky. Sept. 12, 2011) (holding, in a disability discrimination case brought under the Kentucky Civil Rights Act, that training to help plaintiff better perform her job given the physical and mental effects of her Multiple Sclerosis was not a reasonable accommodation). Thus, even if Deister could show that he requested an accommodation or that the Auto Club knew he needed an accommodation, he has not met his burden to propose an objectively reasonable accommodation and show that it was possible.

The Court turns now to Deister's five enumerated argument sections. The first appears to summarize the circumstantial evidence in support of Deister's disability discrimination claim. (Mot. at 16–17.) It does not identify any alleged defects in the Court's prior ruling. The Court adheres to its holding that Deister has not met his burden to show that a reasonable finder of fact could reasonably doubt the Auto Club's explanation for terminating him, and thereby find that it was a pretext for discrimination.[1]

---

[1] The Court notes that Deister's statement that "it is undisputed that the 90 day letter said he would be an employee for one full year" (Mot. at 17) is not accurate. The 90-day letter stated: "The company holds an employee's position open for 90 consecutive calendar days of disability or the expiration of the employee's Grandfathered Extended Sick Leave or Family and Medical Leave, whichever is longer. . . . When the company is notified by Hartford that you are no longer

6

Deister's second enumerated argument is that the Court failed to address his claim that the Auto Club violated specific sections of 42 U.S.C. § 12112. (Mot. at 17–18.) Deister's summary judgment briefs quoted 42 U.S.C. § 12112(b), which provides guidance on how to construe the prohibition on discrimination in § 12112(a), and made some conclusory arguments about how that language was implicated by his claims. The Court did not address these as separate claims because the case law interpreting these sections provides the essential elements of an ADA discrimination claim. In particular, the plaintiff must show that he was affected by an adverse employment decision. *See Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). Deister's allegations about the "processing of the Plaintiff back to work for AAA and the adverse conduct interfering with his reemployment" did not rise to the level of adverse employment decisions. *See White v. Burlington N. & Santa Fe R. Co.*, 364 F.3d 789, 798 (6th Cir. 2004) (en banc), *aff'd*, 548 U.S. 53 (2006) ("a plaintiff claiming employment discrimination must show that she suffered 'a materially adverse change in the terms of her employment.' . . . A 'mere inconvenience or an alteration of job responsibilities' or a 'bruised ego' is not enough to constitute an adverse employment action." (citations omitted)). The Court therefore treated them as circumstantial evidence related to Deister's claims based on his termination and Auto Club's alleged failure to reasonably accommodate his disability, and addressed them within the framework of those claims.

In the third argument section, Deister quotes the ADA's prohibition against retaliation and conclusorily states that "the individual acts of all of the [Auto Club] managers . . . in the aggregate created a 'hostile environment' that resulted in the adverse tangible employment act of

---

eligible for disability benefits, you will be placed in a layoff status. . . . You will remain on layoff status for a maximum of three months." (Dkt. 23-9, Pl.'s Mot. Ex. 9; *see also* Dkt. 18-2, Deister Dep. Ex. 5 at Pg ID 166.)

his being terminated." (Mot. at 18.) The Court dismissed Deister's retaliation claim for failure to exhaust administrative remedies. It is not clear what palpable defect or other ground for relief from judgment is being asserted here.

In the fourth section, Deister admits that he is raising a new claim not previously argued—that he was terminated for mentioning his medical records in violation of the ADA's protection for expression. (Mot. at 19–20.) He explains, "considering the complexity of the facts and law involved, this is the first that it seemed to apply." (Mot. at 20.) A motion for reconsideration is not the proper vehicle for asserting a new claim for the first time. *Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1110 (6th Cir. 2012).

Finally, Deister argues that the Supreme Court has eliminated the exhaustion of remedies defense, a point he also made at the hearing on the summary judgment motions. (*See* Mot. at 20–22.) As the Court noted in its previous opinion and order, the administrative exhaustion requirement is still a statutory prerequisite to maintaining claims brought under the ADA although it does not limit a district court's subject-matter jurisdiction. *See Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 855 (6th Cir. 2013); *cf. Spengler v. Worthington Cylinders*, 615 F.3d 481, 489 (6th Cir. 2010) ("[A]lthough administrative exhaustion is still a statutory prerequisite to maintaining claims brought under the [Age Discrimination in Employment Act], the prerequisite does not state a limitation on federal courts' subject matter jurisdiction over such claims." (quoting *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008)).

Lending further support to the Court's original disposition is the fact that Deister has yet to take steps to exhaust his retaliation claim, so far as the Court is aware. Although Deister has known since at least May 2014, when the Auto Club's summary judgment motion was filed, that the Auto Club took the position that the retaliation claim had not been administratively

exhausted, it appears that Deister has still not filed a retaliation charge with the Equal Employment Opportunity Commission. Nor has Deister tried to argue that any exception to the requirement should apply. *See Swift v. Christian Broad. Network, Inc.*, No. 12-cv-01140, 2013 WL 5603317, at *5 (M.D. Tenn. Oct. 22, 2013) (recommending that a motion to dismiss be granted where "[o]ther than stating that her failure to exhaust her claims of discrimination based upon color, sex, religion, and national origin was an oversight, Plaintiff has done nothing to meet this burden"), *report and recommendation adopted*, 2014 WL 1288104 (M.D. Tenn. Mar. 31, 2014). Summary judgment on this claim is appropriate because Deister has made no attempt to fulfill the statutory prerequisite.[2]

Deister has not offered any legitimate basis for reconsideration or relief from judgment. His Motion for Reconsideration (Dkt. 34) is therefore DENIED.

                              s/Laurie J. Michelson
                              LAURIE J. MICHELSON
                              UNITED STATES DISTRICT JUDGE

Dated: April 24, 2015

---

[2] Deister also argues that retaliation was included in his charge because he checked the box for ADA and the ADA includes retaliation discrimination. (Mot. at 21–22.) But this does not accurately describe his EEOC charge. The "Charge of Discrimination" form Deister completed did not include a box for the ADA. (*See* Deister Dep. Ex. 17 at Pg ID 176.) It listed ten possible bases for discrimination, including disability, retaliation, and other. (*Id.*) Deister checked only one: disability. (*Id.*) The "Notice of Charge of Discrimination" that the EEOC sent to the Auto Club and that Deister cites to support this argument does include a box for ADA in a list of the employment discrimination laws under which a charge can be filed. It also lists "Circumstances of Alleged Discrimination," with the same ten options as the Charge. And only "disability" is checked. (Mot. Ex. 3.) Thus this evidence supports what the Court previously found: that the narrative section of the charge did not put the EEOC or the Auto Club on notice of a retaliation charge. (Order at 39.)

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 24, 2015.

                                              s/Jane Johnson
                                              Case Manager to
                                              Honorable Laurie J. Michelson